FILED
CLERK
10:22 am, Sep 19, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BARRY STEPHEN ZORNBERG,

                Petitioner,

    -against-

**MEMORANDUM OF
DECISION & ORDER**
14-CR-0059 (ADS)

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------------X

**APPEARANCES:**

**Barry Stephen Zornberg,** *Pro Se*
Prisoner No. 15R226
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288

**United States Attorney's Office
Eastern District of New York**
*Attorneys for the Respondent*
610 Federal Plaza
Central Islip, New York 11722
      By: Bradley T. King, Assistant U.S. Attorney

**SPATT, District Judge.**

      Barry Stephen Zornberg (the "Petitioner) entered a guilty plea to a one count indictment charging him with making a materially false statement or misrepresentation to the FBI and on May 9, 2018 he was sentenced to twenty-one months of incarceration by this Court. The Petitioner filed a motion seeking to amend his sentence to time served, asking the Court to construe his motion either under Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36"), 28 U.S.C. § 2255 ("Section 2255"), or United States Sentencing Guidelines § 5G1.3(b) ("U.S.S.G. § 5G1.3(b)).

The Court finds that as Petitioner's contentions are without merit and are contradicted by the underlying record. The Petitioner's motion is denied.

## I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of the case but proceeds to summarize the relevant events.

On June 17, 2014, the Petitioner entered a guilty plea to a one-count indictment, pursuant to a plea agreement, charging him with making a materially false statement or misrepresentation to the FBI in violation of 18 U.S.C. § 1001. (See Judgment, Dkt. No. 62.) On May 9, 2018, the Petitioner appeared before this Court for his sentencing proceeding. (Sen. Tr., Dkt. No. 69-1.) During sentencing, the Government indicated that a sentence within the guidelines range was appropriate and that said range was between fifteen and twenty-one months of imprisonment, although the presentence report found that the guidelines range was forty-six to fifty-seven months of imprisonment. (Sen. Tr. 6:8-6:18.) Further, the Government acknowledged that at the time of his sentence, the Petitioner was serving a state court sentence, but that it was "unrelated to this case" as "[t]here are different victims . . . and different criminal conduct." (Sen. Tr. 24:10-24:18.) Defense counsel argued for a sentence of time served, emphasizing that the Petitioner had already served several months in federal custody, had accepted responsibility, and had made substantial payments of restitution before receiving his sentence. (Sen. Tr. 7:14-8:4. 15:19-15:25.)

Pertinent for purposes of this motion are the following exchanges during the sentencing proceeding:

First, when defense counsel was advocating for a sentence of time served, he pointed out that the Petitioner had been in federal custody for twenty-seven and a half months, not receiving credit towards his federal time: "The importance of that, your Honor, the significance of it to me,

is that when [the Petitioner] first endeavored to get these properties forfeited. I explained to him that it was going to take a lot of time to get that accomplished and that the time he was serving in federal custody under the writ was not time that he was going to be credited for by the Bureau of Prisons; that it was a risk that he was undertaking to accomplish this restitution. [The Petitioner] indicated that he was prepared to take that risk; that he wanted to make as much restitution as possible." (Sen. Tr. 9:20-10:6.)

The Government further explained that: "[W]hen the state sentence occurs first, when the Bureau of Prisons is calculating the amount of time that a defendant has served, it does not credit any time that he served, even if he is serving in a federal court, if he has a state sentence that is still pending, undischarged term of state custody." (Sen. Tr. 11:8-11:14.) In addition, the Government stated, and defense counsel agreed, that the Bureau of Prisons "will not credit the time even if the court were to say: [Bureau of Prisons], I'm directing you to run the time concurrent. I want you to take, I want to give him whatever, 15 months. I want him to get the credit, since he's been here since January. They will not do it." (Sen. Tr. 12:7-12:12.)

The Government suggested the following: "[w]hat the court can do is what [defense counsel] was suggesting, which is, if the court wanted to give [the Petitioner] some credit for the time that he has been in federal custody, what the court would have to do is determine what the court believes to be an appropriate sentence and then reduce that sentence by the time it wanted to give him credit for." (Sen. Tr. 12:22-13:3.)

Ultimately, the Court sentenced the Petitioner to a term of twenty-one months of imprisonment. (Sen. Tr. 35:15-35:18.) The Court stated that when determining sentence, it considered the time the Petitioner already spent in federal custody, stating: "But another interesting part is that [the Petitioner] spent 27-and-a-half months in a federal institution on state time and is

3

not going to get credit for that . . . I have to take that into consideration. That is serious. If I didn't take that into consideration, I would have said to counsel for the [Petitioner] I'm going to sentence him to more than 21 months and give you an opportunity to refute that and put it over. But I'm not going to do that because he is not getting credit for that time, and because the government has been very good to the [Petitioner], very good, I am going to sentence him on the range that the government recommends, but not giving him credit for that time." (Sen. Tr. 34:19-35:14.)

Regarding receiving credit for time already served in federal custody, the Court added that "I suggest strongly that [the Petitioner] be given credit for half of the time spent in custody. Half. I suggest that to the government. What's going to happen is another matter. I'm going with the proposition that he is not going to get any credit; he is going to have to serve the 21 months." (Sen. Tr. 35:19-35:24.) Defense counsel then sought to clarify and stated that the Bureau of Prisons was not going to give the Petitioner credit for this time and the Court stated: "Then he is to serve the 21 months. I think that is a very fair sentence. I was going by what the presentence report was recommending I sentence him to, which was 46 [to] 57 months, but I'm not going with that . . . I'm going with the 21 months." (Sen. Tr. 36:5-36:21.)

Finally, defense counsel asked for the Court to direct the Bureau of Prisons to execute the federal sentence to allow the Petitioner serve his federal sentence presently rather than returning the Petitioner to state court. (Sen. Tr. 40:21-40:24.) The Court did so, but indicated that it was a non-binding recommendation by stating that "I can only recommend that. You understand that." (Sen. Tr. 40:25-41:20.)

Notwithstanding the recommendations made by this Court, after his sentencing the Petitioner was returned to state court to complete his previously imposed state sentence, he was subsequently returned to federal court to serve the imposed twenty-one month sentence.

4

On December 20, 2018, the Petitioner, acting pro se, filed the instant motion seeking an amended sentence of time served. (See Mot. to Amend, Dkt. No. 66.) The Petitioner argued that "the two relevant and in fact seminal portions of the Court's sentence of the [Petitioner] were as follows: a) [t]hat the [Petitioner] receive credit for one half of the time spent [in federal custody] awaiting sentencing (that one half being thirteen and one-half months out of twenty seven) against his twenty-one month sentence[ ] [and] b) [t]hat the [Petitioner] remain in federal custody and complete his federal sentence before returning to state custody." (Mot. to Amend at 6.) The Petitioner states that if his federal sentence began immediately after the imposition of his federal sentence, as he was receiving credit for his state sentence, that upon returning the Petitioner to state court his state sentence would have expired. (Mot. to Amend at 6-7.) Further, the Petitioner argues that he "is now subject to serving double the amount of time anticipated because his state court sentence and his federal sentence are set to run consecutively instead of concurrently." (Mot. to Amend at 7.) The Petitioner asks the Court to construe his motion to amend either under Rule 36, Section 2255, or U.S.S.G. § 5G1.3(b). (See Mot. to Amend at 8-15.)

The Government opposes the motion, arguing that though the Court made recommendations to the Bureau of Prisons that the Petitioner be credited for a portion of time in federal custody and that he serve his federal sentence before returning to state court, that these recommendations were non-binding, as was stated on the record during the sentencing proceeding. (See Resp.'s Br., Dkt. No. 67, at 1.) Further, the Government emphasized that the Court did not run the federal sentence concurrent with the undischarged state court sentence, further stating that the intention was for the Petitioner to serve a twenty-one month sentence on his federal guilty plea. (Resp.'s Br. at 2.) In addition, the Government contends that U.S.S.G. § 5G1.3(b) is inapplicable to the instant sentence because the underlying state court sentence was not relevant conduct as

required by statute and the Court's ultimate sentence was not enhanced by the state court conduct. (Resp.'s Br. at 3.)

On April 3, 2019, the Petitioner filed a response providing further support for his motion to amend and asking the Court to consider the initial motion unopposed because the Government's response was untimely; the Petitioner refiled the same response on April 5, 2019. (See Pet.r.'s Resp. Br., Dkt. Nos. 68, 70.) The Government replied on April 8, 2019. (See Resp.'s Reply Br., Dkt. No. 69.)

## II. DISCUSSION

For the Petitioner to obtain relief under Section 2255, he must demonstrate that his federal sentence is a result of "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently result in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). It is well settled that the Court's discretion to grant relief under Section 2255 is to be exercised sparingly, for such applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1350 (NGG), 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotations marks and citations omitted). Upon reviewing the underlying record, the Court finds that the Petitioner's claims regarding his sentence are without merit, and as such, he is unable to obtain to relief.

As is discussed above, this Court sentenced the Petitioner to a twenty-one month term, which the Court did not order to run concurrently to his previously imposed three to six year sentence in New York state court. See also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

concurrently.") Thus, the Petitioner's contention that his federal sentence should have run concurrently to his state sentence is not supported by the underlying record.

The Petitioner takes issue with his twenty-seven and one half months spent in federal custody without receiving credit; he was produced to federal custody while already serving his state sentence by a Writ of Habeas Corpus and Prosequendum. Though the Petitioner claims that he deserves to be credited for this time, the underlying record reflects that the Petitioner knew he was not receiving credit for this time, as explained by his defense counsel: "I explained to [the Petitioner] . . . that the time he was serving in federal custody under the writ was not time that he was going to be credited for by the Bureau of Prisons; that it was a risk that he was undertaking to accomplish this restitution. [The Petitioner] indicated that he was prepared to take that risk; that he wanted to make as much restitution as possible." (Sen. Tr. 9:22-10:6.)

In addition, all parties during the sentencing proceeding acknowledged that the Bureau of Prisons would not abide by a court order to credit the Petitioner with this time towards his federal sentence: "[The Bureau of Prisons] will not credit the time even if the court were to say: [Bureau of Prisons], I'm directing you to run the time concurrent. I want you to take, I want to give him whatever, 15 months. I want him to get the credit, since he's been here since January. They will not do it. I have had conversations with them . . . they would ignore a court order." (Sen. Tr. 12:7-12:14.)

As discussed above, the Government suggested that if the Court wanted to give the Petitioner credit for some of the time in federal custody, the Court would have to reduce the imposed sentence by the amount of time the Court wished he would receive credit for. (Sen. Tr. 12:22-13:3.) The Court exercised its discretion not to do this, but did consider the twenty-seven and one half months in federal custody, stating: "If I didn't take that into consideration, I would

7

have said to counsel for [the Petitioner] I'm going to sentence him to more than 21 months and give you an opportunity to refute that and put it over. But I'm not going to do that because he is not getting credit for that time." (Sen. Tr. 35:5-35:11.)

The Court did suggest that the Bureau of Prisons credit the Petitioner with time, but stated that even if Bureau of Prisons disregarded the order the twenty-one month sentence was appropriate: "I suggest strongly that [the Petitioner] be given credit for half of the time spent in federal custody . . . That is up to the Bureau of Prisons, not me." (Sen. Tr. 35:19-36:4.) Further, when defense counsel pointed out that the Bureau of Prisons would ignore this order the Court emphasized that "[t]hen [the Petitioner] is going to serve the 21 months. I think that is a very fair sentence. I was going by what the presentence report was recommending I sentence him to, which was 46 [to] 57 months, but I'm not going with that . . . I'm going with the 21 months." (Sen. Tr. 36:14-36:21.)

In addition, the Petitioner claims that his sentence is fundamentally flawed because the Bureau of Prisons ignored the Court's recommendation that the Petitioner serve his federal sentence first. If the Bureau of Prisons accepted this recommendation, the Petitioner's state sentence would have run concurrently with his federal sentence and expired by the end of his federal term. However, because the Bureau of Prisons returned the Petitioner to state court to complete his state sentence first, his sentences ran consecutively (rather than concurrently) and he now has to serve his federal sentence in addition to the time already served for his state sentence. Although this arrangement was not recommended to the Bureau of Prisons, when looking to the underlying record, all parties were aware that the Court's recommendation was not a binding order, with the Court explicitly stating that it could only make a recommendation. (Sen. Tr. 40:25-41:20.)

8

In sum, though the Petitioner claims that amending his sentence to time served would best reflect this Court's intentions, when turning to the record of the sentencing proceeding this is not correct. Though this Court made non-binding recommendations to the Bureau of Prisons regarding crediting portions of time and serving his federal sentence first, ultimately the Court found that its imposed twenty-one month sentence was a reasonable sentence and made clear that the Bureau of Prisons may not adopt its recommendations.

As for Rule 36, it provides that: "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." See Urena v. United States, 99 CR. 0073 (JFK), 2010 WL 4823593, at *4 (S.D.N.Y. Nov. 29, 2010). "A clerical error is minor or uncontroversial, an error of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature, amounting to little more than substituting a right number for a wrong number." Id. (quoting United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996); United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995)) (internal quotation marks and brackets omitted). "Rule 36 'does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence.'" United States v. Diaz, 522 Fed. Appx. 97, 98 (2d Cir. 2013) (quoting United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997)). Here, although the Petitioner claims that the total time he will spend incarcerated does not reflect the intention of this Court, as discussed above, this is not supported by the underlying record. Accordingly, as Rule 36 is designed for the correction of clerical errors in sentences, and no such error occurred here, Rule 36 does not provide relief to the Petitioner.

Regarding U.S.S.G. § 5G1.3(b), although the Petitioner contends that his federal sentence was improperly imposed because the Court did not take into account that his previously imposed

9

state sentence was for relevant conduct, this contention is also contradicted by the underlying record. As was discussed during the sentencing proceeding, the state sentence the Petitioner received was "unrelated to this case" as it involved "different victims . . . and different criminal conduct." (Sen. Tr. 24:10-24:18; see also U.S.S.G. § 5G1.3, commentary 2(A) "Subsection (b) applies in cases in which all of the prior offense is relevant conduct to the instant offense.") Section 5G1.3(d) states, in relevant part, that where § 5G1.3(b) does not apply "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). In addition, the Court imposed a sentence well below the Guidelines range recommended by Probation, and thus the state court conduct did not unduly enhance his federal sentence. In sum, the Court rejects the Petitioner's claims.

### III. CONCLUSION

The Petitioner's motion to amend his sentence (Dkt. No. 66) is denied. The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the Petitioner at his place of incarceration and close this case.

10

**SO ORDERED.**
Dated: Central Islip, New York
September 18, 2019

                                                              _/s/ Arthur D. Spatt_
                                                              ARTHUR D. SPATT
                                                              United States District Judge